IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| IVAN HUMBERTO LUEVANO, JR. | § | |
|     Defendant-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-99-209 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-275 |
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ivan Humberto Luevano, Jr. ("Luevano") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) in which he claims that as an alien he is entitled to a two point downward departure and a reduction in his sentence. The government has filed an answer which incorporates a Motion to Dismiss. (Docket No. 4). For the reasons set forth below, the government's motion should be granted.

### BACKGROUND

According to his petition, Luevano has served twenty months of a thirty month sentence on a drug charge. In Paragraph 3 of its answer (Docket No. 4), the government states that Luevano pleaded guilty to one count of a three count indictment charging him with possession with intent to distribute 138 pounds of marihuana. In return for his guilty plea, the government agreed to dismiss the remaining counts of the indictment and recommend a sentence at the low end of the guidelines and that Luevano be given credit for acceptance of responsibility. On September 21, 1998, a judgment was entered sentencing Luevano to thirty months confinement. Luevano did not appeal.

Luevano filed this § 2255 petition on December 20, 1999.

## RECOMMENDATION

Luevano's petition is time barred by the one year limitation contained in 28 U.S.C. § 2255. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Luevano appears to claim that the one year limitation should be tolled, because his claim is "...supported by recent case-law, newly discovered." This is not true. The case law to which he refers in his petition precedes his conviction and is not binding in the Fifth Circuit. *See United States v. Cliff Nnanna*, 7 F.3d 420, 421-422 (5th Cir. 1993); where the Fifth Circuit held that collateral consequences that an alien may incur following federal conviction, such as likelihood of deportation or ineligibility for more lenient conditions of imprisonment, are not basis for downward departure of sentence. The fact that he did not discover the cases from other circuits holding to the contrary is not a "rare and exceptional circumstance" which would implicate the tolling provisions contained in 28 U.S.C. § 2255. *Felder v. Johnson*, 204 F.3d 168.

IT IS THEREFORE **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Ivan Humberto Luevano, Jr.'s Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of April, 2000.

                                        John Wm. Black
                                  United States Magistrate Judge